| ¶ GREMILLION, Judge,
dissenting.
I respectfully dissent. When a court reviews a law that discriminates on the basis of age, the burden is on the proponent of the classification. The standard of review is heightened, requiring the proponent to establish that the classification is not arbitrary, capricious, or unreasonable because it substantially furthers an appropriate governmental interest. Manuel v. State, 95-2189 (La.3/8/96), 692 So.2d 320, on rehearing, 95-2189 (La.7/2/96), 692 So.2d 320.
It is undisputed by both parties that the government’s desire to protect the young passengers of school buses is an appropriate governmental interest. The question we are confronted with is whether prohibiting drivers between the ages of eighteen to twenty from being hired as school bus operators is an arbitrary, capricious, or unreasonable means of accomplishing that goal.
|2The defendants offer two reasons to support the constitutionality of this law. First, it argues that drivers between the ages of eighteen and twenty have a higher accident rate than drivers twenty-one and older. To support this position, the defendants offered Miller’s testimony and the Louisiana State Highway Safety Statistics. However, I do not believe these statistics are particularly relevant to the question at hand because they are based on the entire population of the State of Louisiana between the ages of eighteen and twenty. In this instance, we are concerned only with those members of the eighteen to twenty-year-old population who are qualified to be school bus operators. Obtaining the necessary credentials required to operate a school bus is more demanding than obtaining a Class E driver’s license. School bus operator applicants must undergo thirty hours of instruction, ten hours of behind-the-wheel training, and obtain a commercial drivers’ license which requires another written exam and driving test. The defendants in this case have offered no evidence to support their contention that individuals *791 in the eighteen to twenty age group, who have met the requirements to be licensed as a school bus operator, are more likely to be involved in accidents than any other age group. Further, under La.R.S. 17:491.1, as pointed out by the majority, applicants must undergo an examination of their driving record for a five year period preceding their employment as a school bus operator.[1]
The defendants also allege that allowing someone in the eighteen to twenty-year-old age group to drive a school bus would present serious disciplinary | ¡¡problems. I also believe that this concern was not proved by the evidence and is unfounded. Superintendent Dutile was the primary source of evidence concerning this allegation. He testified that the school system does have students older than eighteen and that occasionally they do have disciplinary problems on buses. However, other than this limited testimony, the defendants offered no evidence concerning disciplinary problems on the buses, nor did they offer evidence that eighteen to twenty-year-olds were less likely than other segments of the population to be able to deal with such problems. Dutile’s testimony and concern is not sufficient to carry the burden of showing that the exclusion of this age group substantially furthers an important governmental interest.
Finally, the exemption provided for in La.R.S. 17:491 further illustrates the statute’s arbitrary nature. Under this exemption, employees of parish and city school boards who are at least eighteen years old may drive a school bus to colleges or universities at the school board’s discretion. Clearly, if the discrimination found in La.R.S. 17:491 were truly a means of substantially furthering an important governmental interest, no exemption would be available. I would, therefore, respectfully disagree with the majority and would find that La.R.S. 17:491 violates Article I, § 3 of the Louisiana Constitution.

. I also respectfully disagree with the majority's holding that the constitutionality of La. R.S. 17:491 is supported by the requirement of a five year driver's license check found in La.R.S. 17:491.1.